**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jody James DUNN,**
**Defendant–Appellant.**

**No. 89–50185.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1990.

Decided June 10, 1991.

As Amended on Denial of Rehearing July 22, 1991.

Joel Levine, Los Angeles, Cal., for defendant-appellant.

David H. Tennant, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HUG, CANBY and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Jody James Dunn timely appeals his conviction and sentence for possession of a weapon by a prior felon (18 U.S.C. § 922(g)(1)) (Count 1) and for possession of an unregistered firearm (26 U.S.C. § 5861(d)) (Count 2). We affirm the conviction on Counts 1 and 2 and the sentence on Count 1. We remand for resentencing on Count 2.

## BACKGROUND

In the late afternoon of May 17, 1988, Jody James Dunn, his girlfriend Orlena Gasto, and several companions scuffled with a handyman-security guard, Willie Thomas, at a Los Angeles laundromat after being told to stop dealing cocaine and to leave the premises. Mr. Dunn and his companions were gone when the police arrived to hear Mr. Thomas' story.

Mr. Dunn and one or two companions returned to the laundromat sometime after 10 p.m. that evening. Mr. Dunn pointed a sawed-off shotgun at Mr. Thomas' head and threatened to kill him. Then, someone wanting to buy cocaine from Mr. Dunn distracted him and soon after he drove away.

Within five or ten minutes, the police, responding to Mr. Thomas' phone call, found Mr. Dunn sitting in a car matching Mr. Thomas' description two blocks from the laundromat. They arrested Mr. Dunn and confiscated the sawed-off shotgun which lay on the car floor under the steering column. They also confiscated some cocaine found on the car floor on the passenger side.

A jury found Mr. Dunn guilty of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)) (Count 1) and of possession of an unregistered firearm (26 U.S.C. § 5861(d)) (Count 2). The district court enhanced Mr. Dunn's sentence for Count 1 under 18 U.S.C. § 924(e) because it found he previously had been convicted of three violent felonies. The district court sentenced Mr. Dunn for Count 2 as a "career offender" under § 4B1.1 of the Sentencing Guidelines, finding that possession of an unregistered firearm is a "crime of violence." Mr. Dunn received 180 months (15 years) for Count 1 and 150 months (12½ years) for Count 2, to run concurrently.

## DISCUSSION

### I. TRIAL ISSUES

The district court has broad discretion in admitting or excluding evidence. Its rulings are reviewed only for an abuse of discretion. *United States v. Kearney*, 560 F.2d 1358, 1369 (9th Cir.), *cert. denied*, 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977). Of course, irrelevant evidence cannot be admitted, Fed.R.Evid. 402, or evidence for which the prejudicial value outweighs the probative value, Fed.R.Evid. 403.

#### A. *Evidence of Drug Transactions*

Mr. Dunn argues that Mr. Thomas' testimony regarding cocaine dealing at the laundromat was irrelevant and prejudicial. He also argues that the arresting officer's testimony regarding saleable amounts of cocaine and proceeds from sales discovered with Mr. Dunn at the time of his arrest was also irrelevant and prejudicial.

In *United States v. Bradshaw*, 690 F.2d 704, 708–09 (9th Cir.1982), *cert. denied*, 463 U.S. 1210, 103 S.Ct. 3543, 77 L.Ed.2d 1392 (1983), this court upheld the

district court's decision to admit evidence of the defendant's sexual activity with the nine-year old boy he was accused of kidnapping, although the defendant was not indicted for that activity. Admission of evidence that the defendant gave drugs to the boy was also affirmed. Motive is not an element of the crime of kidnapping. Nevertheless, the court approved the admission of the evidence to show motive because "[m]otive is evidence of the commission of any crime" and because it completes the kidnapping scenario for the jury. *Id.* at 708; *see also United States v. Moore,* 735 F.2d 289, 292 (8th Cir.1984) (court admitted evidence that defendant was arrested during a drug raid in trial for felon in possession of a firearm saying, "A jury is entitled to know the circumstances and background of a criminal charge.")

■ Under *Bradshaw,* the evidence regarding Mr. Dunn's cocaine dealing in this case was relevant to establish a motive for Mr. Dunn's anger in the laundromat and for his return brandishing a firearm. The evidence also corroborated Mr. Thomas' story that Mr. Dunn possessed the sawed-off shotgun found in the car he was driving upon his arrest—an essential element of the crimes charged. Without the evidence of drug dealing, the jury would have lacked knowledge of an integral part of the circumstances surrounding the charged crimes. In a different context, the evidence might be unduly prejudicial despite its relevance, but in this case, in which the other evidence regarding gun possession was strong, the evidence was not unduly prejudicial. The district court did not abuse its discretion in admitting the evidence.

B. *Exclusion of Testimony About Dropped Assault Charges*

■ Orlena Gasto, Mr. Dunn's girlfriend who accompanied him to the laundromat in both the afternoon and in the late evening, testified that she saw no gun at the laundromat or in the car. Her testimony directly contradicted Mr. Thomas' story that Mr. Dunn threatened him with a gun in her presence. She also testified that Mr.

Thomas attacked her (and Mr. Dunn intervened) during the afternoon fight at the laundromat and not vice versa as Mr. Thomas testified. She sought to improve her credibility by introducing evidence that assault charges brought against her for that fight had been dropped. The district court excluded this evidence because, given the many possible reasons for dropping charges, its corroborative value is uncertain. The court felt that the time necessary to rebut the inference that Ms. Gasto did not assault Mr. Thomas would be wasted time.

Relevant evidence may be excluded if its probative value is substantially outweighed by the potential for wasted time. Fed.R. Evid. 403. Although the evidence may have improved Ms. Gasto's credibility somewhat if the prosecution could not refute the inference, the district court did not abuse its discretion in concluding that, in a trial for possession of a firearm found at Mr. Dunn's feet, the probative value of the evidence of the dropped charge was substantially outweighed by the potential for wasted time.

C. *Expert Testimony Regarding the Firearm's Place of Manufacture*

■ The statute under which Mr. Dunn was indicted in Count 1 makes it unlawful for a felon "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g). The Ninth Circuit allows expert testimony regarding the identity of the manufacturer to establish that a gun travelled in interstate commerce before the defendant received it. *United States v. Gann,* 732 F.2d 714, 724–25 (9th Cir.), *cert. denied,* 469 U.S. 1034, 105 S.Ct. 505, 83 L.Ed.2d 397 (1984); *see also United States v. Robbins,* 579 F.2d 1151, 1154 (9th Cir.1978). The appellant misreads *Gann* as saying that an expert can testify only to establish the manufacturer of the weapon, not the place of manufacture. The case also implicitly holds that, although expert testimony may not be *necessary* to establish the location of the manufacturer, it is permissible as part of an expert's testimo-

ny on the ultimate issue—whether the gun travelled in interstate commerce. 732 F.2d at 724–25.

Under *Gann*, the district court did not abuse its discretion in allowing an agent from the Bureau of Alcohol, Tobacco, and Firearms to testify that Harrington and Richardson, the gun's manufacturer, was located in Massachusetts before it went out of business in 1985.

### D. *Probable Cause for Search and Seizure*

■■■■] Mr. Dunn argues that the arresting officers did not have probable cause to search his automobile. Because of an automobile's mobility, police officers may conduct warrantless searches of automobiles if they would have probable cause for a warrant to issue. *California v. Carney*, 471 U.S. 386, 392, 105 S.Ct. 2066, 2069, 85 L.Ed.2d 406 (1985). Determinations of probable cause are mixed questions of law and fact reviewed de novo by this court. *United States v. Smith*, 790 F.2d 789, 791 (9th Cir.1986).

The Supreme Court described the probable cause test as follows:

> [P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," *Carroll v. United States*, 267 U.S. 132, 162 [45 S.Ct. 280, 288, 69 L.Ed. 543] (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false.

*Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) (noticing balloon tied to conceal drugs, vials, loose white powder in car stopped at routine driver's license checkpoint gave officer probable cause to search); *cf. Carney*, 471 U.S. at 394–95, 105 S.Ct. at 2070–71 (officer had probable cause to search motor home when youth exiting the home said he had received marijuana inside); *Smith*, 790 F.2d at 791 (codefendants' statements that jeep contained counterfeiting materials supplied probable cause); *United States v. Bagley*, 772 F.2d 482, 490–91 (9th Cir.1985) (eyewitness identifies car as getaway ve-

hicle, providing probable cause for seizure), *cert. denied*, 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986).

■■■] The arresting officers in this case had responded to Mr. Thomas' calls twice in one day and had witnessed the cuts and bruises on Mr. Thomas from the first encounter. Their observations made it reasonable for them to believe and act on Mr. Thomas' story. They had probable cause to believe that the car in which they found Mr. Dunn contained the sawed-off shotgun Mr. Thomas said Mr. Dunn pointed at him less than ten minutes earlier. They also had probable cause from Mr. Thomas' story to believe that they would find cocaine in the car. The search and seizure of both items was proper and admission of the evidence is therefore affirmed.

## II. SENTENCING ISSUES

■■■ This court reviews the legality of a sentence de novo. *United States v. McCrae*, 714 F.2d 83, 84 (9th Cir.), *cert. denied*, 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983).

### A. *Sentencing Enhancement for Previous Violent Felonies*

■■■ A sentence for being a prior felon in possession of a firearm (Count 1) can be enhanced under 18 U.S.C. § 924(e) if the defendant has three previous convictions for violent felonies. Mr. Dunn argues that these convictions must be included in the indictment and proved at trial as if § 924(e) established a separate federal offense. However, this court has clearly held that 18 U.S.C. § 924(e) (formerly 18 U.S.C. § 1202(a)) is a sentence enhancement provision, not a separate federal offense provision. *United States v. West*, 826 F.2d 909, 911 (9th Cir.1987). As a consequence of this construction of the statute, the three prior violent felonies required as a predicate for sentence enhancement need not be included in the indictment and proved at trial. *See West*, 826 F.2d at 912 (establishing prior convictions in presentence report was sufficient). The Ninth Circuit's interpretation is supported by the Supreme Court's repeated references to § 924(e) as a "sentence enhancement provision" in *Taylor v. United States*, ── U.S. ──, 110

S.Ct. 2143, 109 L.Ed.2d 607 (1990). Further, 1986 Congressional amendments to § 924(e), passed after *West* was decided, underscore Congress' intent that it be a sentence enhancement provision rather than a separate statutory offense. *See United States v. Affleck*, 861 F.2d 97, 98–99 (5th Cir.1988) (discussing effect of congressional changes on § 924(e)), *cert. denied*, 489 U.S. 1058, 109 S.Ct. 1325, 103 L.Ed.2d 593 (1989).

In support of the *West* holding, the Government points out that including information regarding three prior violent felonies in Mr. Dunn's indictment would have posed a risk to the defendant. The evidence probably would have introduced an unacceptable level of prejudice into his trial. *West* established that that risk is not required. Further, Mr. Dunn cannot argue that he did not have time to prepare a defense against the enhanced penalty. He had ample notice of the government's intent to seek the penalty in this case. The prosecution filed a notice of that intent on the day of his arraignment, nearly two months before trial. The district court's ruling that the prior violent felonies necessary to enhance Mr. Dunn's sentence need not be included in the indictment and proved at trial is affirmed.

## B. *"Burglary" for Sentence Enhancement Purposes*

■ Burglary is one of the felonies named in 18 U.S.C. § 924(e) as a violent felony that counts toward sentence enhancement for a felon in possession of a firearm. At the time the appellate briefs were submitted in this case, several circuit courts had considered the question whether "burglary" meant common law burglary, whatever a state defined as burglary, or some other definition of burglary, and had reached conflicting conclusions. The Ninth Circuit in *United States v. Chatman*, 869 F.2d 525 (9th Cir.1989) followed the Fourth Circuit in *United States v. Headspeth*, 852 F.2d 753 (4th Cir.1988), and held that "burglary" meant common law burglary—"the breaking and entering of the dwelling house of another, in the nighttime, with the intent to commit a felony therein." *Chatman*, 869 F.2d at 527.

The Supreme Court recently resolved the circuit conflict and superseded *Chatman* in *Taylor v. United States*, —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). After an extensive review of the legislative history, the Court held the following:

> We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

110 S.Ct. at 2158. Courts are to take a categorical approach when finding that a defendant was convicted of this definition of burglary, looking only at the statute, the charging paper, or the jury instructions to see that all the elements were proved. *Id.* at 2159–60.

The disputed burglary conviction in this case clearly falls within the Supreme Court's definition of burglary in *Taylor*. The information to which Mr. Dunn pleaded guilty charged him with entering another man's apartment with the intent to commit larceny. Therefore, the district court's sentencing enhancement for Count 1 was correct and is affirmed.

## C. *Possession of an Unregistered Firearm*

■ Under § 4B1.1 of the Sentencing Guidelines, a defendant can be sentenced as a career offender if, among other things, the instant offense was a "crime of violence." A crime of violence is defined in 18 U.S.C. § 16 as

> (a) An offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The district court sentenced Mr. Dunn as a career offender in Count 2 (possession of an unregistered firearm). Mr. Dunn argues that possession of an unregistered

firearm is not a "crime of violence" as defined by 18 U.S.C. § 16 and that, therefore, he should not have been sentenced as a career offender in Count 2.

The legislative history of 18 U.S.C. § 16 and cases construing the statute follow a categorical approach rather than a fact-specific approach in defining crimes of violence. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 304, 307, *reprinted in* 1984 U.S.Code Cong. & Admin.News, 3182, 3483, 3486–87; *see, e.g., United States v. Meyer,* 803 F.2d 246, 248–49 (6th Cir.1986) (drug trafficking is not a "crime of violence"), *cert. denied,* 480 U.S. 936, 107 S.Ct. 1580, 94 L.Ed.2d 770 (1987); *United States v. Johnson,* 704 F.Supp. 1398, 1400–1403 (E.D.Mich.1988) (crime of being a felon in possession of a firearm is a "crime of violence"). Possession of an unregistered firearm does not require the use, attempted use, or threatened use of physical force as an element of the crime, as required for enhancement under § 16(a). Instead, the Government argues that possession of an unregistered firearm meets the requirement of § 16(b): A crime that "by its nature" involves a substantial risk of physical force against persons or property. This argument has merit.

Not all firearms must be registered under 26 U.S.C. § 5861(d). Only those firearms must be registered that Congress has found to be inherently dangerous and generally lacking usefulness, except for violent and criminal purposes, such as sawed-off shotguns and hand grenades. 26 U.S.C. § 5845. The district court in *United States v. Johnson,* 704 F.Supp. 1398, reasoned that a felon in possession of a firearm, by its nature, involves a substantial risk of improper physical force under § 16(b) partly because of the blatant disregard for law displayed by an already-convicted criminal. 704 F.Supp. at 1401 (citing *United States v. Jones,* 651 F.Supp. 1309 (E.D.Mich.1987), *rev'd on other grounds,* 846 F.2d 358 (6th Cir.1988)). The court's reasoning also applies to the crime of possession of an unregistered firearm. The possession of an unregistered firearm of the kind defined in § 5845, even if by a non-felon, involves a similarly blatant disregard for law and a substantial risk of improper physical force.

An individual who keeps a firearm of that kind for lawful purposes will recognize the need to register the weapon as evidence of lawful intent.

██ We affirm the district court's holding that possession of an unregistered firearm is presumptive evidence of unlawful violent intentions and, therefore, involves the substantial risk of violence necessary to label the possession a crime of violence under § 16(b). However, although we affirm the district court's determination of career offender status in Count 2, the district court's 150–month sentence improperly exceeded the statutory maximum. *See* Sentencing Guidelines 5G1.1(a) (statutory maximum displaces any higher guideline sentence). A sentence for possession of an unregistered firearm cannot exceed ten years (120 months) regardless of the status of the offender. 26 U.S.C. § 5871. Therefore, the sentence on Count 2 is reduced to the statutory maximum of 120 months.

## CONCLUSION

The conviction on Counts 1 and 2 and the sentence on Count 1 is AFFIRMED. The sentence on Count 2 is reduced to the statutory maximum of 120 months.