980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Constantine Peter RETSINAS, Defendant-Appellant.
 No. 90-10631.
 United States Court of Appeals, Ninth Circuit.
 Argued Sept. 16, 1992.
Submitted Oct. 9, 1992.
Decided Nov. 25, 1992.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Constantine Retsinas was convicted under 18 U.S.C. § 2113(a) of aiding and abetting a bank robbery. He appeals his conviction on three grounds: (1) that the police lacked probable cause to arrest him; (2) that the district court erred by preventing his counsel from cross-examining a key prosecution witness about the witness' prior psychiatric history; and (3) that the district court erred by refusing to grant his motion to continue the trial. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Appellant contends that the police lacked probable cause to arrest him. The determination of probable cause is a mixed question of law and fact in which the legal issues predominate, and is therefore subject to de novo review. United States v. Dunn, 946 F.2d 615, 619 (9th Cir.), cert. denied, 112 S.Ct. 401 (1991). Probable cause existed if the facts and circumstances within the officer's knowledge at the time of the arrest were sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime. United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.), cert. denied, 476 U.S. 1185 (1986).
 
 
 4
 At the time they arrested Retsinas, the officers knew: (1) that the bank teller had described the robber as "an Hispanic male; 25 to 30; five six to five eight; a hundred eighty-ninety pounds; stocky; round facial features; had a black hat and dark sunglasses"; (2) that a witness who was standing outside the bank at the time saw an individual matching the description of the robber run from the direction of the bank and get into a car with a tall, slim, Caucasian male with dark hair, and she saw the two of them drive away together; (3) that the witness wrote down the license plate number of the car she observed; (4) that an automobile bearing this license plate number was located the next morning at an apartment complex within three blocks of the location of the robbery; and (5) that residents of this apartment complex told them that they believed the car was owned by Constantine Retsinas, who was also living in the complex. With knowledge of these facts, the officers waited by the car until they observed an individual matching the description of the driver of the car outside the bank (tall, slim, Caucasian male with dark hair) walk out of the apartment complex and take possession of the car. It was then that they arrested the appellant.
 
 
 5
 Given the totality of evidence known to the officers at the time of the arrest, we conclude that the officers had probable cause to believe that appellant was involved in the robbery.
 
 II
 
 6
 Appellant next argues that the district court erred when it prohibited his counsel from cross-examining Raul Arizmendi, the prosecution's key witness, about Arizmendi's prior psychiatric history. Appellant has failed, however, to identify any reference in the record to indicate, first of all, whether defense counsel actually attempted to cross-examine the witness as to his medical records, and, second, whether he was prevented from doing so by a ruling from the district court.[1] We have searched the record ourselves and are unable to find any evidence that the district court made such a ruling. Thus, without any such evidence before us, we have no basis for evaluating appellant's claim of error.
 
 III
 
 7
 Finally, appellant argues that the district court abused its discretion when it denied defense counsel's request for a one week continuance to allow for preparation of a transcript from appellant's first trial. A decision whether to grant or deny a continuance is reviewed for abuse of discretion. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1051 (9th Cir.1990). To demonstrate that the denial of a continuance constitutes reversible error, a defendant must show that the denial resulted in actual prejudice to his defense. United States v. Tham, 960 F.2d 1391, 1396 (9th Cir.1991). Appellant here makes no such showing.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We recognize that appellant's Motion for Bond on Appeal contains allegations by trial counsel that the district court barred any cross-examination of Arizmendi concerning his psychiatric records. See Motion for Bond on Appeal (filed November 23, 1990), at 3. But these allegations do not provide a sufficient foundation upon which to review appellant's claim of error because they are unsupported by any citations to the record