24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frankie L. DENNIS, Petitioner-Appellant,
v.
Bill GOTCHER, Respondent-Appellee.
 No. 92-16736.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frankie L. Dennis, an Arizona state prisoner, appeals pro se the district court's dismissal of his second 28 U.S.C. Sec. 2254 petition. Dennis was sentenced to 14 years imprisonment after pleading guilty to one count of drug trafficking. He contends that the district erred by dismissing his petition for failure to state any cognizable claim. We have jurisdiction under 28 U.S.C. Sec. 2253. We accept the district court's factual findings unless clearly erroneous, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), review the district court's conclusions of law de novo, id., and affirm.
 
 
 3
 This habeas petition is Dennis's second. In it, he claims his post-conviction counsel was ineffective and his sentence is illegal. The district court found both claims noncognizable and dismissed Dennis's petition without addressing exhaustion.
 
 
 4
 There is no federal constitutional right to post-conviction counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Ineffective assistance of post-conviction counsel therefore fails to state a cognizable claim. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam). Accordingly, we affirm the district court's dismissal of Dennis's ineffective assistance of post-conviction counsel claim for failure to state a cognizable claim.
 
 
 5
 Sentencing claims are normally questions of state law which do not present federal constitutional issues. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). Sentences in excess of state law, however, violate federal due process. See Whalen v. United States, 445 U.S. 684, 689-90 n. 4 (1980).
 
 
 6
 Dennis's plea agreement provided a presumptive sentence of 7 years and a sentence of 5.25 to 14 years. Dennis was sentenced to 14 years after the sentencing judge found, and set forth on the record, the following aggravating circumstances: Dennis had an extensive prior criminal record, he was an addict nonresponsive to treatment, and he had used drugs during a term of probation.
 
 
 7
 Dennis contends he was a nondangerous, "first-timer" who, under state law, would not have been sentenced to a maximum term but for false information in his presentence report which indicated that he had a prior criminal record and was then on probation. Dennis also appears to claim that his sentence could not be enhanced based on prior convictions because the state never filed notice of the priors.
 
 
 8
 If Dennis in fact had no prior criminal record,[1] and he would not have been sentenced to a maximum term under state law but for this purportedly false information, then Dennis would state a claim, cognizable in federal habeas proceedings, that he had been sentenced in excess of state law. See Whalen, 445 U.S. at 689-90 n. 4.
 
 
 9
 Dennis's prior criminal record, however, is a fact of which we take judicial notice. See Fed.R.Evid. 201. Consequently, irrespective of exhaustion, we deny Dennis's claim that he was sentenced in excess of state law as noncolorable on its face. See O'Bremski v. Maass, 915 F.2d 418, 421 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991) (appellate prerogative to deny unexhausted claim which raises no unresolved question of fact and fails to state a colorable claim).
 
 
 10
 To the extent Dennis argues that his enhanced sentence based on prior convictions is illegal because the state never filed notice of the priors, the district court properly denied this claim as noncognizable. See United States v. McDoughtery, 920 F.2d 569, 575 (9th Cir.1990) (due process not violated when prior convictions are alleged in presentence report and proven by a preponderance of evidence), cert. denied, 499 U.S. 911 (1991); United States v. Dunn, 946 F.2d 615, 619 (9th Cir.) (prior convictions used for sentence enhancement purposes need not be charged in the indictment), cert. denied, 112 S.Ct. 401 (1991).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The other aspect of this claim--that Dennis was sentenced to a maximum term in part because the sentencing judge believed he was then on probation--is belied by the sentencing transcript