35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felix Giron MUSTILIER, Defendant-Appellant.
 No. 93-30078.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 31, 1994.
Decided Sept. 7, 1994.
 
 1
 Before: GOODWIN, SCHROEDER, and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Felix Giron Mustilier distributed cocaine from an apartment in Tacoma, Washington, and stored cocaine in two roadside locations. Mustilier lived in Olympia, approximately 25 miles from Tacoma. Shortly after his arrest, police executed a search warrant for his Olympia home and discovered packaging materials identical to those found at the storage site, a triple-beam balancing scale, some marijuana, approximately $88,000, and a pistol. The pistol was under a living room couch, unloaded.[1] Police found no evidence of cocaine at the Olympia premises.
 
 
 4
 Mustilier was convicted of distributing cocaine and possessing cocaine with intent to distribute. Mustilier now appeals his conviction and his 324-month sentence on the following four grounds: (1) that the search of his home was illegal, (2) that the district court erred by adjusting his sentence two levels upward for possession of a firearm, (3) that his right to be present at all stages of the trial was violated, and (4) that his right to effective assistance of counsel was violated. We address these claims in turn.
 
 
 5
 * Mustilier contends that the search of his home in Olympia, Washington was illegal because the information in the affidavit supporting the search warrant was stale, the warrant was lacking in probable cause, and the warrant was overly broad. We reject these arguments.
 
 
 6
 First, the information in the affidavit supporting the warrant was not stale. The affidavit listed, inter alia, that defendant made a delivery of crack to an informant on May 26, 1992. It also stated that police had found 744 grams of cocaine in defendant's roadside stash on May 28, 1992, just hours before the affidavit was sworn.
 
 
 7
 Second, there was sufficient evidence to find probable cause to search his Olympia residence.[2] In United States v. Garza, we stated that, "in the case of drug dealers, evidence is likely to be found where the dealers live." 980 F.2d 546, 551 (9th Cir.1992) (citation and internal quotations omitted). Here, the affidavit stated that defendant rented the Olympia apartment, moved into it in August, 1991, and kept his vehicles there on numerous occasions. These facts are sufficient to establish residence, and under the law of this circuit, nothing more is necessary in the case of a known drug dealer. United States v. Baldwin, 987 F.2d 1432, 1436 (9th Cir.1993) (because probable cause showed that defendant was involved in the drug trade, magistrate could infer that evidence would be found at his home).
 
 
 8
 Third, because Mustilier failed to raise the warrant's overbreadth at the suppression hearing, the issue is waived on appeal. Even if Mustilier had raised the issue below, he would not be entitled to relief. Because the gun, the scales, and the currency discovered at defendant's apartment were all listed specifically in the warrant, their suppression is not required. United States v. Holzman, 871 F.2d 1496, 1510 (9th Cir.1989).
 
 II
 
 9
 Mustilier contends that the district court erred in adjusting his base offense level two points upward for possession of a firearm. The Sentencing Guidelines for drug trafficking offenses states, "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." U.S.S.G. Sec. 2D1.1(b)(1).[3] In this case, the district court found that Mustilier had custody over the gun and reasoned that, in all likelihood, the gun "was connected [to the crimes] based on the circumstances of its location and what else was found in the house." ER at 78. We review a district court's finding that a defendant possessed a firearm while committing a drug offense for clear error. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991).
 
 
 10
 Mustilier argues that, while he had custody over the gun at the time of the offenses, it was neither present during the charged crimes nor connected with the crimes or related conduct. Mustilier contends that the weapon must be present during the offense or connected with a charged crime or related conduct to support a sentence enhancement. The government counters that the Guidelines only require the government to prove simple custody over a gun at the time the defendant engaged in a drug offense.
 
 
 11
 The settled law of this Circuit lies somewhere between the defendant's and the government's positions. It is undisputed that determining whether a weapon adjustment is appropriate is a two-step process: the government must first show that the defendant "possessed" the weapon, then the burden shifts to the defendant to prove that it is clearly improbable that the weapon was related to the crime. U.S.S.G. Sec. 2D1.1(b)(1), application n. 3. In this case, only the first of those steps is disputed.[4] We have held that the Guidelines "do[ ] not require that a connection [between the firearm and the offense] be shown ... only that the weapon [was] possessed during the commission of the offense." United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989).
 
 
 12
 Mustilier is correct in pointing out that the Guidelines' commentary states that an upward adjustment is ordinarily proper, "if the weapon was present." U.S.S.G. Sec. 2d1.1(b)(1), application n. 3. Thus, a "possessed" weapon, for the purposes of the Guidelines, ordinarily would be physically present when the defendant engages in the offense. However, we have held that physical presence of the weapon is not necessary for possession, if the factual circumstances surrounding the weapon establish a clearly probable relationship between the weapon and "the course of criminal conduct."[5] United States v. Willard, 919 F.2d 606, 609 (9th Cir.1990); United States v. Stewart, 926 F.2d 899, 901 (9th Cir.1991). To prove weapon possession, therefore, the government must prove either that the weapon was physically present at the crime, or that there is a clearly probable relationship between the weapon and the course of criminal conduct.
 
 
 13
 In this case, it is undisputed that the gun was not physically present at the crimes of conviction. However, there was a clearly probable relationship between the weapon and the course of criminal conduct. Though the district court declined to make a formal holding on the matter, it noted that, given the money stash and paraphernalia associated with drugs found at the apartment with the gun, in all likelihood, the gun "was connected" to the crimes. ER at 78. We do not disagree. These facts establish a clearly probable relationship between the weapon and the course of criminal conduct, which constitutes weapon possession for the purposes of the Guidelines. The sentence enhancement was therefore appropriate.
 
 III
 
 14
 Mustilier argues that his right to be present at all stages of the proceedings, as required by Federal Rule of Criminal Procedure 43, was violated because he was not present at a pre-trial conference at which his lawyer requested and was granted a continuance due to a scheduling conflict.[6] Even if it was error for the defendant not to be present, the error was harmless. See United States v. Kupau, 781 F.2d 740, 743 (9th Cir.1986) (absence of defendant during portion of trial proceedings is harmless if there is no reasonable possibility that prejudice resulted). There is no basis for believing that Mustilier suffered any prejudice because his trial was delayed to accommodate a scheduling conflict of his lawyer.
 
 IV
 
 15
 Mustilier finally challenges his conviction on the ground that his trial counsel was ineffective. We decline to decide the ineffective assistance claim at this time, to reserve Mustilier's right to raise it on collateral attack, which would permit the full development of a record showing what counsel did or failed to do and what, if any, prejudice resulted. See United States v. Bosch, 951 F.2d 1546, 1549 (9th Cir.1991).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mustilier's wife, who lived in a separate dwelling, testified that she owned the gun and had given her husband custody of it because she lived with a young child and a relative who had a felony conviction
 
 
 [2]
 We review district court determinations of probable cause de novo. See United States v. Dunn, 946 F.2d 615, 619 (9th Cir.1991) (citation omitted)
 
 
 [3]
 Before 1991, this Guideline stated that "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense, increase by 2 levels." The Sentencing Commission explained that its amendment was intended to "clarif[y] that the provisions [relating to relevant conduct] apply to" weapon enhancement. U.S.S.G. App.C, amend. 394. The change brings this Guideline explicitly in line with our holding in United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990) (enhancement appropriate for possession of a firearm during "the course of criminal conduct," not simply the crime of conviction)
 
 
 [4]
 Mustilier is unable to prove that it was clearly improbable that the gun was related to the offense
 
 
 [5]
 We decline to require a particular spatial relationship between the weapon and the crime. Cf. United States v. Bost, 968 F.2d 729, 732 (8th Cir.1992); United States v. Hooten, 942 F.2d 878, 882 (5th Cir.1991)
 
 
 [6]
 The government contends that this issue is waived because no objection was raised at trial. We disagree. Mustilier's claim is premised upon his absence from the pre-trial conference at which a continuance was granted. Not being there, he could not have objected