52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Imran A. MIR, Defendant-Appellant.
 No. 94-10296.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1995.*
Decided April 19, 1995.
 
 1
 Before: TANG and O'SCANNLAIN, Circuit Judges, and MERHIGE, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Imran Mir was convicted of solicitation to commit a crime of violence in violation of 18 U.S.C. Sec. 373. He appeals the district court's exclusion of a non-testifying witness' presentence reports. He also appeals his sentence under the United States Sentencing Guidelines.
 
 I.
 
 4
 In 1991, Mir was indicted for conspiracy to import and distribute heroin and possession of heroin with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1), 846, 952, 963. In the same year, he was also indicted on five counts of money laundering in violation of 18 U.S.C. Sec. 1956(a)(2)(A).
 
 
 5
 While Mir was awaiting trial on the drug and money laundering charges, he was incarcerated at the Sacramento County jail. There he met Steven Paul Gomez. The government alleges that Mir solicited the assistance of Gomez to injure or kill several people whom he believed would be witnesses against him in his upcoming trial. Gomez reported the initial solicitation to law enforcement officers at the jail, who put him in touch with Special Agents Michael Carlin and Melinda Machado.
 
 
 6
 Gomez put Mir in touch with Machado who posed as a friend of Gomez and met with Mir three times at the Sacramento County jail. During these meetings, Mir referred to the prospective victims as "cars," telling Machado that, for example, "this car needs to be taken care of." Also during these meetings, Mir made hand gestures to Machado, such as, drawing his finger across his throat, punching his fist into the palm of his other hand, and putting his fingers together as if pointing a gun.
 
 
 7
 Mir was subsequently indicted for solicitation to commit a crime of violence in violation of 18 U.S.C. Sec. 373. At trial, Mir's lawyer sought to introduce two presentence reports which had been prepared on Gomez for sentencings in state court in 1986 and 1987 which allegedly contained statements by Gomez to the probation officers that he was an automobile mechanic. Mir's lawyer hoped to convince the jury that the conversations between Mir and Machado really did involve cars. The trial judge denied admission of the reports.
 
 
 8
 Mir was tried on five counts of solicitation to commit murder in violation of 18 U.S.C. Sec. 373, one count for each of the five prospective witnesses he allegedly threatened.[1] On March 3, 1994, a jury found Mir guilty on a lesser included offense of count one, soliciting Gomez to commit a crime of violence other than murder against Charisse Peroni. The jury was unable to reach a verdict on any of the other counts. On June 2, 1994, Mir was sentenced to 51 months imprisonment, a 36 month term of supervised release and a $50 penalty assessment.
 
 II.
 
 9
 Mir first challenges the exclusion of the presentence reports. The district court found the reports inadmissible on three grounds: (1) the statements contained within the reports were hearsay not within any of the hearsay exceptions; (2) the probative value of the evidence was small under Federal Rule of Evidence 403; and (3) Mir improperly sought to introduce the documents to impeach the testimony of Martinez on a collateral issue with extrinsic evidence. Because we are of the opinion that the trial court properly excluded the reports based on Rule 403, we do not address the other grounds.
 
 
 10
 Rule 403 of the Federal Rule of Evidence provides:
 
 
 11
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 12
 The trial court has wide discretion to exclude evidence pursuant to Rule 403. United States v. Dupuy, 760 F.2d 1492, 1499 (9th Cir.1985); United States v. Layton, 767 F.2d 549, 554 (9th Cir.1985). The reason for vesting such broad discretion in the trial courts on Rule 403 issues is that "[t]he considerations which arise under Rule 403, such as the potential for undue prejudice or confusion of the issues, are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues." Layton, 767 F.2d at 554. Rulings on 403 questions and the exclusion of evidence generally are reviewed only for an abuse of discretion. United States v. Dunn, 946 F.2d 615, 617 (9th Cir.), cert. denied, 502 U.S. 950 (1991); United States v. Kearney, 560 F.2d 1358, 1369 (9th Cir.), cert. denied, 434 U.S. 971 (1977).
 
 
 13
 Upon careful review of the record, we conclude that, given the wide latitude afforded trial courts on 403 questions, the trial court did not abuse its discretion in excluding the presentence reports.
 
 III.
 
 14
 Mir also contends that the district court erred in sentencing him under the Guidelines. In determining Mir's sentence, the district court chose to set Mir's base offense level pursuant to the aggravated assault section of the Sentencing Guidelines, U.S.S.G. Sec. 2A2.3, instead of pursuant to the minor assault section, U.S.S.G. Sec. 2A2.2.[2] The court also increased the offense level by four levels for "serious bodily injury" pursuant to section 2A2.2(b)(3)(B) of the Guidelines. A district court's interpretations of the Sentencing Guidelines are reviewed de novo. United States v. Conkins, 9 F.3d 1377, 1384 (9th Cir.1993). This Court reviews the factual findings underlying a sentence for clear error. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994); United States v. Mullins, 992 F.2d 1472 (9th Cir.), cert. denied, 114 S.Ct. 556 (1993).
 
 
 15
 An assault is "aggravated" under section 2A2.2 when it involves "(a) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony." U.S.S.G. Sec. 2A2.2 at Application Note 1. The general application provisions of the Guidelines define "serious bodily injury" as:
 
 
 16
 injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation.
 
 
 17
 U.S.S.G. Sec. 1B1.1 at Application Note 1(j).
 
 
 18
 We conclude that based on the evidence at trial, including the hand gestures made by Mir during his meetings with Machado, it was not clearly erroneous for the district court to determine that Mir intended his victims to suffer "extreme physical pain." Accordingly, the district court properly chose to sentence Mir under the aggravated assault section.
 
 
 19
 As to the four level enhancement for "serious bodily injury," the aggravated assault section provides, under the heading "Specific Offense Characteristics," that the offense level should be increased four levels if the victim sustained serious bodily injury. U.S.S.G. Sec. 2A2.2(b)(3). Mir contends that he did not deserve such an increase because no victim actually sustained bodily injury. However, examination of the Guidelines reveals that this contention is without merit. The Guidelines instruct that when solicitation is at issue, the sentencing judge should apply the specific offense characteristics from the guideline for the substantive offense if they are "determined to have been specifically intended or actually occurred." U.S.S.G. Sec. 2X1.1 at Application Note 2 (emphasis added). Thus, bodily injury does not have to have actually occurred as long as it was specifically intended. As discussed above, we conclude that it was not clearly erroneous for the trial judge to determine that Mir specifically intended serious bodily injury to be inflicted upon Charisse Peroni. Accordingly, the district court did not err in increasing Mir's offense level by four levels for "serious bodily injury."
 
 
 20
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Count one referred to Charisse Peroni, count two to Albert Chavaria, count three to Dean Garcia, count four to Edwardo Recomio, and count five to Michael Quizmondo
 
 
 [2]
 Mir was convicted of soliciting Gomez to commit a crime of violence other than murder against Charisse Peroni. The Guidelines instruct that the base offense level for the crime of solicitation is to be taken from the Guideline section for the substantive offense. U.S.S.G. Sec. 2X1.1. Because Mir was convicted of solicitation to commit a crime of violence other than murder, the district court had to choose between the base offense level for aggravated assault, U.S.S.G. Sec. 2A2.2, and minor assault, U.S.S.G. Sec. 2A2.3, both of which are crimes of violence