76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Conley WINSLOW, Defendant-Appellant.
 No. 95-10065.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Conley Winslow appeals his conviction following entry of a conditional guilty plea, to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Winslow contends the district court erred by denying his motion to suppress evidence because police officers lacked: (1) reasonable suspicion to stop the vehicle and detain him; and (2) probable cause to search the locked trunk of the vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress evidence. United States v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992).
 
 
 4
 * Reasonable Suspicion to Stop
 
 
 5
 Winslow contends the police did not have reasonable suspicion to stop his vehicle and detain him because: (1) it was not the same vehicle the suspect was seen driving earlier, and (2) he did not fit the suspect's description. We review de novo whether there was reasonable suspicion to conduct an investigatory stop. See United States v. Garcia-Camacho, 53 F.3d 244, 245 (9th Cir.1995).
 
 
 6
 To detain a suspect, a police officer must have reasonable suspicion, or "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." Id. at 246 (quotations omitted). We must consider the totality of the circumstances in determining whether an officer's suspicions were reasonable. Hall, 974 F.2d at 1204. A police officer may conduct an investigatory stop of a vehicle if he has a "founded suspicion that one or more of its occupants is wanted for a completed felony." Guam v. Ichiyasu, 838 F.2d 353, 355 (9th Cir.1988) (citing United States v. Hensley, 105 S.Ct. 675, 680-81 (1985)).
 
 
 7
 Here, the following facts were adduced at the suppression hearing: police officers were searching for Jerry Myers pursuant to an assault victim's call that Myers was brandishing a gun. The victim recounted to the officers that Myers threatened to come back and "shoot up the place." The police discovered that Myers had several outstanding arrest warrants including one for possession of a loaded weapon. Approximately forty minutes after the call, the police observed the vehicle Winslow was driving pull out of the driveway of Myers's home. The police had information from the assault victim that Myers previously used that particular car.
 
 
 8
 Here, the police officers had reasonable suspicion to stop the vehicle based upon the totality of circumstances. The vehicle Winslow was driving was seen pulling out of the driveway approximately forty minutes after the call. See Ichiyasu, 838 F.2d at 356 (finding reasonable suspicion when the suspect was found on expected escape route one hour after the crime). The police officers had reasonable grounds to suspect that the car might be driven by Myers, or contain Myers. See id. at 355 (holding that the police had founded suspicion that the felon was in taxicab). Considering the totality of the circumstances, we conclude that reasonable suspicion justified the investigatory stop of the vehicle Winslow was driving. See id.; Hall, 974 F.2d at 1204.
 
 II
 Probable Cause to Search Trunk of Vehicle
 
 9
 Winslow contends the district court erred by denying his motion to suppress evidence because the police officers lacked probable cause to search the locked trunk of the vehicle.
 
 
 10
 We review de novo the district court's determination that probable cause supported a warrantless search of a vehicle. See United States v. Dunn, 946 F.2d 615, 619 (9th Cir.), cert. denied, 502 U.S. 950 (1991).
 
 
 11
 A police officer may search a vehicle without a search warrant where there is probable cause to believe that the vehicle contains contraband or evidence of a crime. California v. Acevedo, 500 U.S. 565, 576 (1991); Dunn, 946 F.2d at 619. A police officer has the right to conduct a search of an arrestee's vehicle if the search is made incident to the arrest. New York v. Belton, 453 U.S. 454, 460-61. An officer may also conduct a warrantless search of every part of a legitimately stopped vehicle, including the trunk and all containers, if there is probable cause to believe it contains contraband. United States v. Ross, 456 U.S. 798, 820-21 (1982).
 
 
 12
 After the police officers conducted an investigatory stop of the car, Winslow exited the car. The police looked inside the vehicle and saw a man crouched in the back seat of the car, appearing to hide or reach for something. After the police confirmed the man's identity as Myers, he was removed from the car and arrested. The police searched the passenger compartment of the car and found a wallet gun with a .22 automatic, a semiautomatic pistol, a rifle, and a small clear vial containing a white powder which later tested positive for amphetamine. After discovering the contraband in the passenger compartment, the officer searched the trunk of the car.[1]
 
 
 13
 Here, the officers had probable cause to search the passenger compartment of the car because they were concerned that Myers, who had been seen brandishing a gun and making threats, had a gun in the car. See Dunn, 946 F.2d at 619 (finding that officers had probable cause to believe that the defendant's car contained a shotgun based upon a complaining witness's report that defendant threatened to shoot him). Moreover, Myers had outstanding warrants for a weapon, and was seen trying to reach or hide something while he was crouched in the back seat of the car.
 
 
 14
 Based upon the number of weapons found in different locations in the passenger compartment of the car, the police officers had probable cause to search the trunk for the possibility of more contraband that Myers would have used to execute the threats he made earlier that day. See United States v. Alvarez, 899 F.2d 833, 839 (9th Cir.1990) (holding that police officers had probable cause to search the trunk after police discovered two concealed weapons on defendant and had reason to believe that the defendant's trunk contained more contraband), cert. denied, 498 U.S. 1024 (1991). Based upon the totality of circumstances, the district court did not err by finding that the police officers had probable cause to search the trunk of the car. See Alvarez, 899 F.2d at 839.
 
 
 15
 Accordingly, the district court properly denied Winslow's motion to suppress evidence obtained from the stop and search of the vehicle. See Ichiyasu, 838 F.2d at 355; Alvarez, 899 F.2d at 839.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Winslow's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The search of the trunk yielded two more loaded hand guns, ammunition, three scales, approximately $6,300, marijuana, some methamphetamine, and about two pounds of white powder