**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Esteban AVILA–MERCADO,
Defendant–Appellant.**

No. 00–10391.

D.C. No. CR–99–00394–LDG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001.

Decided June 11, 2001.

Before O'SCANNLAIN, TASHIMA,
and THOMAS, Circuit Judges.

MEMORANDUM *

Esteban Avila–Mercado was convicted following a guilty plea of a single count of unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326(a). He was sentenced to 57 months' imprisonment followed by three years of supervised release. He appeals his sentence arguing that the district court erred by increasing his base sentencing level for a prior "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(A) based on his Nevada state conviction for attempted possession of a short-barreled shotgun. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

U.S.S.G. § 2L1.2(b)(1)(A) requires a 16–level increase to the base offense level where the defendant has been previously deported following a conviction for an aggravated felony. Avila–Mercado had been previously deported following a state conviction for attempted possession of a short-barreled gun in violation of Nev.Rev.Stat. 202.275. We have held that a conviction for the possession of an unregistered firearm of the kind defined in 26 U.S.C. § 5845, which includes the prohibited weapons listed in Nev.Rev.Stat. 202.275, qualifies as an aggravated felony because it "involves the substantial risk of violence necessary to label the possession a crime of violence under [18 U.S.C.] § 16(b)." *United States v. Dunn*, 946 F.2d 615, 621 (9th Cir.1991). Contrary to Avila–Mercado's contention, the federal statute's prohi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

bition of only unregistered firearms is a distinction without significance here. In *Dunn,* we based our conclusion that possession of an unregistered covered firearm was a crime of violence not on the fact that the weapons were unregistered, but rather because the weapons Congress chose to be registered are "inherently dangerous and generally lacking usefulness ... such as sawed-off shotguns." *United States v. Dunn,* 946 F.2d 615, 621 (9th Cir.1991).

Unlike Dunn, Avila–Mercado was convicted of *attempted* possession of a prohibited firearm. "Aggravated felony," however, specifically includes attempt convictions. *See* 8 U.S.C. § 1101(a)(43)(U). Therefore, once it is determined that a conviction for possession of a short-barreled gun under the Nevada statute is an "aggravated felony," an attempt conviction under the same Nevada statute is necessarily an "aggravated felony." *See United States v. Ceron–Sanchez,* 222 F.3d 1169 (9th Cir.2000) (holding that defendant's conviction for attempted aggravated assault was an aggravated felony because an aggravated assault conviction was an aggravated felony under the statute).

While the district court determined that Avila–Mercado's past conviction was an aggravated felony based on a different definition of "aggravated felony," "[o]ur review is not limited to a consideration of the grounds upon which the district court decided the issues; we can affirm the district court on any grounds supported by the record." *Weiser v. United States,* 959 F.2d 146, 147 (9th Cir.1992).

Accordingly, the district court is

AFFIRMED.