**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Maurice BROWN, Defendant—
Appellant.**

No. 04–50397.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2005.*

Decided Feb. 17, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Mark A. Young, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Suzanne M. Lachelier, AFP, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: LEAVY, COWEN,** and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Maurice Brown maintains that he is entitled to a new trial for four reasons: (1) the government violated its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (2) the cumulative impact of the district court's erroneous evidentiary rulings was so prejudicial that his trial was fundamentally unfair; (3) the district court abused its discretion when it denied Brown's motion for a mistrial; and (4) the

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

district court gave the jury two *Allen* charges.

■ **1. a.** The government presented the affidavit of the case agent that the agents on the Brown case did not know about Norvin Dizadare's testimony in the trial against Watts, nor that the state court found Dizadare to be untruthful. We find no clear error by the district court in crediting the agents' affidavits. We are not persuaded by Brown's reliance on *United States v. Brooks,* 966 F.2d 1500 (D.C.Cir.1992). In *Brooks,* the court ruled that the duty to search was triggered because there was a link between the file and Brooks's case, the file could be retrieved without difficulty because it had been identified by defense counsel, and the local police department was "closely aligned with the prosecution." *Id.* at 1503 (citation omitted). While the record reflects that some state officers worked as DEA agents in the trial against Brown, the state officers worked as federal agents. There is no evidence that the state police files contained evidence that Dizadare was a police informant in the Watts case, nor that he was later impeached in state court.

■ **b.** Brown contends for the first time on appeal that the government failed to disclose *Brady* material involving the state court's finding that Mitchell engaged in witness intimidation during the Watts trial. However, the government did not suppress any impeachment information from the Watts trial. Moreover, the information is not material because Mitchell testified during Brown's trial that he and Brown discussed the need to kill Dizadare because he was a "snitch." Because the jury learned of Mitchell's attempts to intimidate Dizadare through murder, it would hardly surprise the jury that Mitchell attempted to intimidate Dizadare in a prior trial.

■ **2. a.** Any cumulative error in admitting evidence regarding Brown's nicknames, acts of violence or propensity toward violence would not warrant reversal in view of the other evidence of Brown's violent acts. *See United States v. Dunn,* 946 F.2d 615, 618 (9th Cir.1991) (explaining that where the other evidence regarding a charge was strong, the admitted evidence was not unduly prejudicial and the district court did not abuse its discretion in admitting it.).

■ **b.** Brown's claim that the evidence of Dizadare's shooting was impermissible under Federal Rule of Evidence 404 is unpersuasive because Rule 404(b) "is inapplicable ... where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment." *United States v. Lillard,* 354 F.3d 850, 854 (9th Cir.2003) (citation omitted).

■ **3.** The district court acted within its discretion when it denied a motion for a mistrial after Mitchell testified that he and Brown shot a man in the chest. Mitchell's answer was stricken, and the court admonished the jury to disregard the question and answer. Under these circumstances, no mistrial was warranted. *See United States v. Parks,* 285 F.3d 1133, 1141 (9th Cir.2002).

■ **4.** The district court's instruction regarding communications to the court did not constitute an *Allen* instruction, as the jurors were not told to reach a verdict nor to reconsider their positions in light of that of other jurors. *See United States v. Cuozzo,* 962 F.2d 945, 951 (9th Cir.1992).

**AFFIRMED.**