
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10222 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00591-VC-1 |
| v. | |
| NATHAN CHARLTON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Argued and Submitted August 10, 2016
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,** District
Judge.

Nathan Charlton appeals his conviction and sentence for being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The offense required

the government to establish that the firearm had been shipped or transported in

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Rosanna Malouf Peterson, United States District Judge
for the Eastern District of Washington, sitting by designation.

interstate commerce. *Id.* § 922(e). Charlton first challenges the admission of an investigation report prepared by the government's expert witness, Special Agent Daniel Garza with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), as a business record. Even assuming the admission of the report was in error, any error was harmless because the report was cumulative of Garza's testimony. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) ("Even if we find error, we will only reverse if an erroneous evidentiary ruling more likely than not affected the verdict." (internal quotation marks omitted)).

Based on his expertise in firearms and his research, including consultation of an ATF file on manufacturer information and with an archivist from Colt, the manufacturer of the firearm, Garza testified that the firearm had been manufactured in Connecticut. The district court appropriately exercised its gatekeeping function with respect to the admissibility of this testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999) ("Federal Rules [of Evidence] 702 and 703 grant expert witnesses testimonial latitude unavailable to other witnesses on the assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." (internal quotation marks omitted)). We have previously affirmed admission of similar testimony regarding the location of manufacture and, in light of the scope of Garza's testimony, the district court did

not abuse its discretion in admitting the testimony under Rules 702 and 703. *United States v. Dunn*, 946 F.2d 615, 618 (9th Cir. 1991); *United States v. Gann*, 732 F.2d 714, 724–25 (9th Cir. 1984). Although Charlton claims that Garza's testimony was a conduit for testimonial hearsay in violation of *Crawford v. Washington*, 541 U.S. 36 (2004), we settled that issue in *United States v. Vera*: "[T]he key question for determining whether an expert has complied with *Crawford* is . . .whether the expert has developed his opinion by applying his extensive experience and a reliable methodology." 770 F.3d 1232, 1237–38 (9th Cir. 2014) (internal quotation marks omitted). Not only was the archivist's statement not testimonial, Garza met the criteria of experience and a reliable methodology.

Because Charlton did not object at trial, we review for plain error his claim that the court should have given a limiting instruction on the expert testimony. *United States v. Sauza-Martinez*, 217 F.3d 754, 759 (9th Cir. 2000). In view of our holding with respect to admission of the testimony, there was no error, let alone plain error, in declining to give a limiting instruction with respect to Garza's testimony.

With respect to sentencing, Charlton and the government agree that the district court erred in calculating the Guideline range. However, any error was

harmless and resentencing is not warranted because the district court was crystal clear that the resulting sentence would have been the same, despite any disagreement regarding the range. The court stated: "And, by the way, we have a disagreement about how to calculate the guideline range, but I don't think it matters in this case because I think that the defendant's proposed guideline range based on the defendant's calculations was . . .100 months to 125 months. And even if that were the correct guideline calculation, I would sentence at the highest end of that range that I would be allowed to sentence, which would be 120 months." *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 & n. 5 (9th Cir. 2011) (explaining that, if the sentence would be the same, the error is harmless and remand is unnecessary).

**AFFIRMED.**