**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gary Lamont WILLIAMS, a/k/a/ Hiriam King Williams, Defendant–Appellant.**

No. 94–50065.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 1994.

Decided Jan. 30, 1995.

Oswald Parada, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Michael Terrell, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: SCHROEDER, FLETCHER, and DAVID R. THOMPSON, Circuit Judges.

SCHROEDER, Circuit Judge:

Gary Lamont Williams pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Williams appeals from his 188-month sentence imposed under the Sentencing Guidelines. He claims his sentence was improperly enhanced by the district court's application of the Career Offender provisions set forth in United States Sentencing Guidelines (U.S.S.G.) § 4B1.1 (Nov. 1990). The court found that Williams had been convicted of two prior "crimes of violence"—a prerequisite to applying the Guidelines' Career Offender provision. Williams claims that one of the prior convictions was not a "crime of violence." That conviction was a 1981 California conviction for second-degree burglary in violation of § 459 of the California Penal Code.

The Sentencing Guidelines define the term "crime of violence" to include

any offense under federal or state law punishable by imprisonment for a term exceeding one year that—

. . . .

(ii) is burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1).

The California burglary statute under which Williams was convicted in 1981 provided in relevant part:

Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building . . . with the intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter "inhabited" means currently being used for dwelling purposes, whether occupied or not.

Cal.Penal Code § 459 (Deering 1978).

In California, first-degree burglary involves entry of an inhabited dwelling or other building at night, while a burglary committed at any other time constitutes second-degree burglary. Cal.Penal Code § 460 (Deering 1978). Williams pleaded *nolo contendere* to second-degree burglary in 1981.

In considering whether a prior conviction qualifies as a "crime of violence" a district court may use two alternative approaches. First, the court may look to the statutory elements of the crime charged to determine whether the elements describe a crime of violence as defined in U.S.S.G. § 4B1.2(1). *See United States v. Innie*, 7 F.3d 840, 849 (9th Cir.1993). Appellant is correct that the terms of the California statute are broader than the conduct defined under § 4B1.2(1)(ii) because the statute encompasses burglaries of buildings other than dwellings in situations that might not present a serious potential risk of physical injury to another.

Under the alternative approach, however, the court may analyze the nature of the conduct actually charged to determine " 'whether the actual charged 'conduct' of the defendant presented a serious risk of physical injury to another.' " *Innie*, 7 F.3d at 849 (quoting *United States v. Sahakian*, 965 F.2d 740, 742 (9th Cir.1992)); U.S.S.G. § 4B1.2, App. note 2.

In this case, Williams pleaded *nolo contendere* to charges that he "did willfully and unlawfully enter the residence, and building occupied by Gregory M. Gawlik, with the intent to commit larceny." When a defendant pleads guilty (or as here, pleads *nolo contendere*) to facts stated in the conjunctive, each factual allegation is taken as true. *United States v. Mathews*, 833 F.2d 161, 164 (9th Cir.1987) (plea of guilty "conclusively proves the factual allegations contained in the indictment"). Williams pleaded *nolo contendere* to entering a residence and thus was convicted of a "crime of violence" as defined in U.S.S.G. § 4B1.2(1)(ii) because that section specifically defines the "burglary of a dwelling" to be a "crime of violence."

In addition, Williams pleaded *nolo contendere* to entering "unlawfully" an occupied structure. Such conduct "presents a serious potential risk of a physical injury to another" and thus also qualifies as a crime of violence under the same subsection of the guidelines. *Id.*

Appellant relies upon *United States v. Parker*, 5 F.3d 1322 (9th Cir.1993), in which we held that Parker's prior conviction under California's second-degree burglary statute did not qualify as a "violent felony" for purposes of sentence enhancement under the Armed Career Criminal Act. We so held because the charging document in that case did not specify "unlawful or unprivileged entry." *Id.* at 1325 & note 2. Here, in contrast, the 1981 indictment expressly alleged that Williams "willfully and unlawfully entered" an occupied residence with intent to commit larceny. We have previously held that such language charges a violent felony. *United States v. O'Neal*, 937 F.2d 1369, 1373 (9th Cir.1990) (charging language virtually identical to that in instant case); *United States v. Dunn*, 946 F.2d 615, 620 (9th Cir.), *cert. denied*, 502 U.S. 950, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991) (burglary is a violent crime for enhancement purposes "regardless of its exact definition or label" if the charging papers set forth the "basic elements of unlawful or unprivileged entry into ... a building or structure with intent to commit a crime").

Appellant's argument that the California statute encompasses consensual entries of non-residential structures is unavailing because the charging instrument to which he pleaded *nolo contendere* specified the "unlawful" entry of a "residence."

AFFIRMED.