78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee DEAN, Defendant-Appellant.
 No. 95-55612.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner David Lee Dean appeals pro se the district court's order denying his 28 U.S.C. § 2255 motion to vacate his sentence. Dean contends that his counsel was ineffective by failing to challenge the district court's enhancement of Dean's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Dean contends that his sentence under the ACCA was improper because his prior California burglary conviction was obtained in violation of Dean's right to counsel and because the burglary conviction does not qualify as a crime of violence for purposes of the ACCA. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo both the district court's denial of section 2255 relief, United States v. Frazer, 18 F.3d 778, 781 (9th Cir.1994), and the legal question of whether a defendant received ineffective assistance of counsel, Smith v. Ylst, 826 F.2d 872, 875 (9th Cir.1987), cert. denied, 488 U.S. 829 (1988). To demonstrate ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that this prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
 
 
 4
 Dean's first contention, that his prior California burglary conviction cannot be used for sentencing purposes because it was obtained in violation of his right to counsel, lacks merit. The record indicates that the Dean was represented by attorney D. Gallagher, Deputy Public Defender, at the time of his arraignment and guilty plea.
 
 
 5
 Dean's second contention, that his guilty plea to the burglary charge does not qualify as a crime of violence for purposes of the ACCA, also lacks merit. Because Dean pleaded guilty to the charge of willfully and unlawfully entering an occupied building with the intent to commit larceny, the district court did not err by using the conviction to sentence Dean's under the ACCA. See United States v. Williams, 47 F.3d 993, 994 (9th Cir.) (noting that a defendant's plea of nolo contendere to the charge of willfully and unlawfully entering an occupied structure qualified as a crime of violence under the ACCA), cert. denied, 116 S.Ct. 144 (1995); United States v. O'Neal, 937 F.2d 1369, 1372 (9th Cir.1990) (finding crime of violence for purposes of ACCA where defendant pleaded guilty to indictment alleging unlawful entry into a laundromat with intent to commit theft therein). Accordingly, we reject Dean's contention that counsel was ineffective for failing to challenge the inclusion of Dean's burglary conviction at sentencing.[1] See Strickland, 466 U.S. at 687-88.
 
 
 6
 Because our de novo review of the record shows that Dean was not entitled to relief, we affirm the district court's summary denial of Dean's 2255 motion. See Blackledge v. Allison, 431 U.S. 63, 75-76 (1977).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dean's contention that the district court erred by relying solely on the fact of his conviction to sentence him under the ACCA lacks merit because the record indicates that the district court was able to consider both the information and judgment. See O'Neal, 937 F.2d at 1374; see also Williams, 47 F.3d at 994 (plea of guilty conclusively proves the factual allegations contained in the indictment)