86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph DIAZ, Defendant-Appellant.
 No. 95-50265.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1996.
Decided May 24, 1996.
 
 1
 Before: O'SCANNLAIN and TROTT, Circuit Judges; VAN SICKLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Diaz appeals from his 151-month sentence imposed following his guilty plea to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). He argues that the district court improperly sentenced him as a "career offender" under U.S.S.G. § 4B1.1; in particular, he claims the court erred by treating his 1986 California conviction as a predicate "controlled substance offense" under U.S.S.G. § 4B1.2. We affirm.
 
 
 4
 * Section 4B1.1 defines a "career offender" as an individual who, among other things, "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (Nov. 1, 1995).[1] The district court ruled that Diaz satisfied this requirement because of (1) a 1987 conviction for unarmed bank robbery and (2) a 1986 conviction for "sale or transportation" of marijuana in violation of Cal.Health and Safety Code § 11360(a).[2] Diaz challenges the court's determination that this latter offense was a "controlled substance offense" under the Sentencing Guidelines.
 
 
 5
 The Sentencing Guidelines define a "controlled substance offense" as "an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(2) (Nov. 1, 1995). Diaz concedes that the sale of marijuana constitutes a controlled substance offense under this provision. He argues, however, that his section 11360(a) conviction was not necessarily for the sale of marijuana, but might have been merely for transportation of marijuana for personal use, and that such an offense is not a "controlled substance offense" under section 4B1.2(2).
 
 
 6
 We reject this contention for two reasons. First, Diaz has conceded that the 1986 conviction was not for mere transportation of marijuana for personal use. Second, the district court properly concluded that Diaz pled guilty to selling marijuana.
 
 II
 
 7
 At Diaz's sentencing hearing, defense counsel acknowledged that the amount of marijuana in question in Diaz's 1986 conviction was 4.4 grams. As the government correctly points out, if this was in fact the amount of marijuana involved, Diaz could not have been convicted under section 11360(a) for transportation of marijuana.
 
 
 8
 Section 11360(a) states that "except as otherwise provided by this section," transportation or sale of marijuana is a felony offense. However, section 11360(b) states that transportation of less than 28.5 grams of marijuana is a misdemeanor. The combination of the two provisions clearly indicates that while sale of 4.4 grams of marijuana is a violation of section 11360(a), transportation of 4.4 grams of marijuana is not. Because Diaz concedes that the amount of marijuana involved was only 4.4 grams, he could not, in pleading guilty to a violation of section 11360(a), have been pleading guilty to transporting marijuana.
 
 
 9
 This conclusion is buttressed by the fact that, in arguing for a downward departure, Diaz stated:
 
 
 10
 Here, there are two potential predicate offenses for career offender status: a 1986 controlled substance offense described in paragraphs 92-94 of the Presentence Report [and another offense].
 
 
 11
 (Emphasis added). Paragraph 94 of the PSR, to which Diaz refers, states that "[a]ccording to the L.A. County Probation report prepared for this case, the defendant was standing on a street corner when he approached undercover LAPD officers in a vehicle and offered to sale [sic] them marijuana." PSR p 94 (emphasis added). Having relied on the PSR's description of his 1986 offense in arguing for a downward departure, Diaz may not now argue that the PSR's description of that offense was inaccurate.
 
 
 12
 Diaz argues that "[t]o treat defense counsel's argument as an admission would unfairly penalize defense counsel's advocacy." However, we note that in United States v. Davis, 932 F.2d 752 (9th Cir.1991), this court relied on a similar (albeit more explicit) concession by defense counsel that the predicate crime was a controlled substance offense in reversing a district court's decision not to sentence an individual as a career offender. Id. at 763-64.
 
 
 13
 Accordingly, we find that Diaz has conceded that the 1986 conviction was not for transportation of marijuana for personal use. As such, his argument that that conviction was not a "controlled substance offense" necessarily fails.
 
 III
 
 14
 Even if Diaz had not conceded the point, we would still affirm the district court for the entirely independent reason that Diaz pled guilty to selling marijuana.
 
 
 15
 The complaint in the 1986 California case charged that Diaz
 
 
 16
 did willfully and unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport marijuana.
 
 
 17
 Diaz pled guilty to the charges in this complaint.
 
 
 18
 As the district court correctly noted, in United States v. Williams, 47 F.3d 993 (9th Cir.), cert. denied, 116 S.Ct. 144 (1995), this court, applying federal standards to determine the effect of a prior guilty plea in state court,[3] stated that "[w]hen a defendant pleads guilty ... to facts stated in the conjunctive, each factual allegation is taken as true." Id. at 995. Relying on Williams, the district court correctly concluded that Diaz pled guilty to all of the factual allegations in the indictment, and that he therefore pled guilty to a "controlled substance offense."
 
 
 19
 Diaz attempts to distinguish Williams by arguing that "[t]here was no issue presented in [that case] about which version of a crime the defendant had committed." While this is true, Diaz fails to explain why this difference is legally significant. More importantly, Diaz's basic argument, that his guilty plea "can be construed only as an admission that he either sold marijuana or engaged in one of the other forms of conduct alleged," flatly contradicts Williams' clear statement to the contrary.[4]
 
 IV
 
 20
 For the foregoing reasons, we affirm Diaz's sentence.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Diaz was sentenced in June 1995, and the relevant guidelines are those in effect on that date. However, none of the relevant provisions appear to have changed substantively since then
 
 
 [2]
 Section 11360(a) states that
 every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.
 Cal.Health and Safety Code § 11360(a).
 
 
 [3]
 Diaz argues that federal law controls the issue of the scope of his guilty plea. Accordingly, we need not decide if a different result would occur under state law
 
 
 [4]
 Diaz also argues that the district court erred by looking to the transcript of the taking of his 1986 guilty plea in determining that his prior California conviction was for sale of marijuana. Diaz argues that the district court's actions violated the categorical approach, outlined in Taylor v. United States, 495 U.S. 575 (1990), which this court applies when determining whether a prior offense was a predicate controlled substance offense for the purpose of the career offender sentencing guidelines
 In light of the analysis in United States v. Sweeten, 933 F.2d 765, 769-70 (9th Cir.1991) (per curiam), we suspect that the district court's decision to review the transcript of the guilty plea probably did not violate Taylor. However, because we need not reach this issue, we save it for another day.