127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert Rangel LOSOYA, Defendant-Appellant.
 No. 96-50426.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1997.**
Oct. 24, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California Robert J. Timlin, District Judge, Presiding
 
 
 2
 Before O'SCANNLAIN, FERNANDEZ, and THOMAS, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Gilbert Rangel Losoya appeals his bench trial conviction and sentence for three counts of bank robbery in violation of 18 U.S.C. § 2113(a). We affirm.
 
 A. Probable Cause for Arrest
 
 5
 An arrest is supported by probable cause if the facts and circumstances within the arresting officers' knowledge are reasonably trustworthy and sufficient to warrant a prudent person in believing that the arrested person has committed an offense. See United States v. Butler, 74 F.3d 916, 920 (9th Cir.), cert. denied, --U.S. ----, 117 S. Ct. 392, 136 L.Ed.2d 308 (1996); United States v. Rodriguez, 869 F.2d 479, 482 (9th Cir.1989). Anonymous tips, corroborated by independent evidence yielded from surveillance, are sufficient for probable cause. See United States v. Lai, 944 F.2d 1434, 1441-42 (9th Cir.1991). Here, publication of surveillance photos yielded a citizen tip that Losoya was the person in the photos and that he lived at an address in Palmdale with Ana Alvarez. Officers confirmed that Alvarez had rented the residence. Losoya was seen leaving the residence with a woman, and he matched the physical description of the robber. Moreover, the white Nissan Maxima in which Losoya was seen closely matched the description of the getaway car. There was probable cause. See Butler, 74 F.3d at 920; Rodriguez, 869 F.2d at 482.
 
 B. Voluntariness of Confession
 
 6
 Incriminating statements made by a defendant during a custodial interrogation are admissible if the defendant's waiver of his Miranda[1] rights was voluntary and intelligent. See United States v. Andaverde, 64 F.3d 1305, 1313 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1055, 134 L.Ed.2d 199 (1996). Even the fact that a suspect is under the influence of drugs or medication will not necessarily render a confession involuntary if the suspect was not incapacitated. See United States v. George, 987 F.2d 1428, 1430-31 (9th Cir.1993); United States v. Martin, 781 F.2d 671, 673-74 (9th Cir.1985). The evidence supported the district court's determination that Losoya was not under the incapacitating influence of medication, did not have his will overborne, and was not threatened with the arrest of his wife or loss of his children. In short, his waiver of rights and confession were voluntary and not coerced. See United States v. Huynh, 60 F.3d 1386, 1388 & n. 1 (9th Cir.1995). Therefore, the confession was properly admitted.
 
 C. Photo Spread
 
 7
 Witness identifications based upon a photo lineup must be suppressed only if the photo spread was so impermissibly suggestive that it created a substantial likelihood of misidentification. See United States v. Jones, 84 F.3d 1206, 1209 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 405, 136 L.Ed.2d 319 (1996); United States v. Matta-Ballesteros, 71 F.3d 754, 769 (9th Cir.1995), cert. denied, --- U.S. ----, 117 S.Ct. 965, 136 L.Ed.2d 850 (1997). We have rejected claims of improper suggestiveness based upon minor distinctions in depictions. There was nothing unduly suggestive about Losoya's photo or about its location within the spread. Therefore, the witnesses' identifications of him were admissible. See United States v. Carbajal, 956 F.2d 924, 929 (9th Cir.1992); United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991).
 
 D. Sentencing as Career Offender
 
 8
 This court has adopted a categorical approach for analyzing the requirements of USSG § 4B1.2. See United States v. Wood, 52 F.3d 272, 275 (9th Cir.1995); United States v. Williams, 47 F.3d 993, 994-95 (9th Cir.1995). The sentencing court may consider any conduct or elements charged in the count to which the defendant pled guilty. See Williams, 47 F.3d at 994-95. Here, the Information included and Losoya pled guilty to the allegation that he did import, sell, administer, and give away heroin. That conduct is within the definition of a "controlled substance offense" under § 4B1.2. He was properly sentenced as a career offender.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3. 34(a)
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)