142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Mitchell D. JOHNSON, Defendant-Appellant.
 No. 97-50245.
D.C. No. CR-96-00862-WJR.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998[2].
Decided April 28, 1998.
 
 Appeal from the United States District Court for the Central District of California William J. Rea, District Judge, Presiding.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Mitchell Decham Johnson appeals pro se the sentence imposed following his guilty plea to bank robbery. We affirm.
 
 
 2
 Johnson contends that the district court erred by considering his 1988 state cocaine conviction in classifying him as a career offender because he merely possessed a small amount of cocaine for personal use. He concedes that he pleaded guilty to possession for sale of cocaine, in violation of Cal. Health & Safety Code § 11351. Because possession for sale of cocaine is a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2(2), the district court properly sentenced Johnson as a career offender. See U.S.S .G. § 4B1.1; United States v. Williams, 47 F.3d 993, 994-95 (9th Cir.1995); United States v. Davis, 932 F.2d 752, 763 (9th Cir.1991).
 
 
 3
 We reject Johnson's contention that his counsel was ineffective in not timely obtaining police reports underlying his state cocaine conviction. Johnson was not prejudiced by his counsel's failure to obtain the reports because they were not relevant to the district court's determination of his career offender classification. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Williams, 47 F.3d at 994.
 
 
 4
 Finally, the district court complied with Fed.R.Crim.P. 11 in accepting Johnson's guilty plea. The court properly advised Johnson of the maximum penalty for bank robbery. The court was not required to advise Johnson of the applicable guidelines range. See Fed.R.Crim.P. 11(c)(1).
 
 
 5
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3