**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Dennis HILL, Defendant–Appellant.**

**No. 01–50181.**

**D.C. No. CR–00–00471–GHK.**

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided April 17, 2002.

Before BROWNING, KLEINFELD and GOULD, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

David Dennis Hill appeals the 151–month sentence imposed after his guilty-plea conviction to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Hill contends the district court erred in sentencing him as a career offender under the Sentencing Guidelines because his prior California first-degree burglary conviction should not have been counted as a crime of violence. Specifically, Hill argues California's burglary statute includes conduct substantially broader than the conduct included in U.S.S.G. § 4B1.2(1), and the specific conduct charged in the complaint did not sufficiently narrow the charge.

We review the district court's conclusion that a prior conviction may be used for purposes of sentencing enhancement as a career offender de novo. *See United States v. Trinidad–Aquino,* 259 F.3d 1140, 1142 (9th Cir.2001).

Hill's contentions that the California burglary statute and the specific conduct charged in the complaint were both overly broad are without merit. A California complaint charging a defendant with burglary involving unlawful entry into a residence meets the Sentencing Guidelines' definition of crime of violence, regardless of whether Cal.Penal Code § 459 encompasses consensual entries. *See United States v. Williams,* 47 F.3d 993, 995 (9th Cir.1995).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.