**John Bariuan MADDELA, aka John Barivan Maddela, et al., Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70702.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2003.*

Decided May 6, 2003.

Before: BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

**ORDER AND MEMORANDUM ***

Maddela petitions for review of the Board of Immigration Appeals' (BIA) decision concluding that Maddela is deportable as an aggravated felon based on his conviction for burglary in the second degree in violation of California Penal Code (CPC) § 459. We deny Maddela's motion to supplement the record. We dismiss Maddela's petition for review for lack of jurisdiction.

Maddela's deportation proceedings commenced March 13, 1997, and are governed by the transitional rules of the Illegal Im-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

migration Reform and Immigrant Responsibility Act (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996).[1] The transitional rules of IIRIRA generally preclude judicial review for aliens convicted of aggravated felonies. *See* IIRIRA, § 309(c)(4)(G) (stating that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed" an aggravated felony).

> Because the issue in this appeal is whether [Maddela] committed an aggravated felony, and because we have jurisdiction to determine our own jurisdiction, the jurisdictional question and the merits collapse into one. If [Maddela] did not commit an aggravated felony, we have jurisdiction, and [he] wins on the merits. If [Maddela] did commit an aggravated felony, we do not have jurisdiction (and [he] would lose on the merits anyway). The case thus turns on whether [Maddela's] conviction for … burglary qualifies as a "burglary" … as … used in the definition of "aggravated felony."

*Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000) (internal citation omitted).

"The question of whether a conviction under federal law is a deportable offense is reviewed de novo." *Albillo–Figueroa v. INS*, 221 F.3d 1070, 1072 (9th Cir.2000). Maddela argues that he is not deportable as an aggravated felon because his conviction for burglary under CPC § 459 does not constitute an aggravated felony because Maddela never admitted to an "unlawful" entry, an essential element of generic burglary as defined by *Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

The term "burglary" is undefined in the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(43)(G). The BIA therefore applies the generic definition of burglary found in *Taylor v. United States*. *See Ye*, 214 F.3d at 1132. The elements of generic burglary under *Taylor* are: (1) an unlawful or unprivileged entry into, or remaining in, (2) a building or structure, with (3) intent to commit a crime. 495 U.S. at 598.

Under California law, "[e]very person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel … with intent to commit grand or petit larceny or any felony is guilty of burglary…." CPC § 459. The definition of burglary under California law is broader than *Taylor's* generic definition because, in part, an offender need not have made an "unlawful" entry. Rather, CPC § 459 punishes *any* entry to one of several designated locations, as long as the entry is with intent to commit larceny or any felony. *See United States v. Franklin*, 235 F.3d 1165, 1169 (9th Cir.2000) (recognizing that the conduct criminalized in CPC § 459 is broader than the generic definition of burglary).

We apply a categorical approach to determine whether an offense qualifies as an aggravated felony. *See Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir.2002) (citing *Taylor*). Under the categorical approach, we "look[ ] only to the statutory definition[ ] of [a] prior offense[ ], and not to the particular facts underlying [a] conviction[ ]." *Taylor*, 495 U.S. at 600.

*Taylor* also permits us "to go beyond the mere fact of conviction in a narrow range of cases." *Taylor*, 495 U.S. at 602. In cases where a state statute

criminalizes both conduct that does and does not qualify as an aggravated felony, then we proceed to a "modified categorical approach." Under the modified categorical approach, we conduct a limited examination of documents in the record to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute was facially over-inclusive. *Chang,* 307 F.3d at 1189 (internal citation omitted).

■ The California burglary statute can be violated in ways that qualify as aggravated felonies and ways that do not. The BIA's examination of documents in the record to determine whether Maddela's conviction satisfied the generic definition of burglary was appropriate.[2]

We have considered several cases in which defendants have pleaded guilty to charging papers containing allegations similar to those in the complaint against Maddela. In each case, we hold that the convictions satisfy *Taylor*'s generic definition. *See United States v. Velasco-Medina,* 305 F.3d 839, 852 (9th Cir.2002) (holding that a guilty plea to a charge of unlawfully entering into a drug store with the intent to commit larceny satisfies *Taylor*'s definition of burglary); *United States v. Dunn,* 946 F.2d 615, 620 (9th Cir.1991) (holding that a guilty plea to unlawfully entering another person's apartment with intent to commit larceny meets the generic definition of burglary); *see also United States v. Williams,* 47 F.3d 993, 995 (9th Cir.1995) (holding that a plea of *nolo contendere* to a charge of unlawfully entering a residence with the intent to commit larceny fits the generic definition of burglary).

■ A guilty plea "conclusively proves the factual allegations contained in the indictment." *Williams,* 47 F.3d at 995 (citation omitted). Maddela's plea form indicates that he pleaded guilty to Count 1. Count 1 alleges that Maddela unlawfully entered a building with the intent to commit theft. Maddela's offense meets the generic definition of burglary under *Taylor.* Maddela committed an aggravated felony.

We deny the pending motion to supplement the record. We dismiss Maddela's petition for review for lack of jurisdiction.

DISMISSED.

---

2. The BIA's holding relied on the complaint against Maddela and his plea agreement. Under the modified categorical approach, it is permissible to consider charging papers and signed plea agreements. *See Franklin,* 235 F.3d at 1170 n. 5.