# UNITED STATES of America, Plaintiff–Appellee,

v.

# Heriberto SANDOVAL–VENEGAS, Defendant–Appellant.

## No. 02–50514.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 20, 2003.

Deborah Rhodes, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, Gary P. Burcham, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Heriberto Sandoval–Venegas appeals his sentence and asserts that he is not a career offender [1] because a crime used in reaching the opposite conclusion was not a crime of violence.[2] We affirm.

Sandoval makes Daedalian arguments about whether burglary of a residence in California is true generic burglary.[3] He suggests that he could have been a person who became an aider and abettor of a burglary after the principal had already unlawfully entered the residence with intent to commit a crime.[4] He also asserts that one could conceivably commit a burglary in California without an unlawful or unprivileged entry.[5] We need not resolve

---

1. All references to the Sentencing Guidelines are to the November 1, 2002, version.

2. Cal.Penal Code § 288(a).

3. USSG § 2L1.2, comment. (n.1(B)(ii)(II)).

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. USSG § 4B1.1. All references to the Guidelines are to the November 1, 2001, version.

2. USSG § 4B1.2(a)(2); *see also id.* at comment. (n.1).

3. *See Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990) (burglary is the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.")

4. *See People v. Montoya*, 7 Cal.4th 1027, 1044–45, 874 P.2d 903, 913, 31 Cal.Rptr.2d 128, 138 (1994).

5. In so doing, Sandoval appears to blur the difference between "consensual" and "unlaw-

those questions because, as we see it, when Sandoval pled guilty to the unlawful entry of an inhabited dwelling house with the intent to commit larceny or a felony, he necessarily pled guilty to a crime "that presents a serious potential risk of physical injury to another." *See* USSG § 4B1.2(a)(2); *United States v. Williams*, 47 F.3d 993, 995 (9th Cir.1995); *United States v. Becker*, 919 F.2d 568, 573 (9th Cir.1990). Therefore, Sandoval was convicted of a crime of violence.

AFFIRMED.

---

ful" entries. *Compare People v. Frye*, 18 Cal.4th 894, 954, 959 P.2d 183, 212, 77 Cal. Rptr.2d 25, 54 (1998), *and People v. Birks*, 19 Cal.4th 108, 118 n. 8, 960 P.2d 1073, 1078 n. 8, 77 Cal.Rptr.2d 848, 853 n. 8, (1998), *with People v. Sears*, 62 Cal.2d 737, 746, 401 P.2d 938, 944, 44 Cal.Rptr. 330, 336 (1965), *overruled on other grounds by, People v. Cahill*, 5 Cal.4th 478, 853 P.2d 1037, 20 Cal.Rptr.2d 582 (1993). However, we need not clarify the distinction.