**Jorge Alfredo RODAS, aka Jorge Alfredo Rodas–Salquero Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70405.
Agency No. A27–428–035.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2003.

Decided Dec. 18, 2003.

Carmen M. Chavez, Esq., Casa Cornelia Law Center, San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Phoenix, AZ, James A. Hunolt, Esq., Emily A. Radford, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, D.W. NELSON, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Jorge Alfredo Rodas petitions for review of the decision of the Board of Immigra-

* This disposition is not appropriate for publica- tion and may not be cited to or by the courts

tion Appeals (BIA) affirming the order of the immigration court, which denied his claim for deferral of removal under the Convention Against Torture. Because we conclude that Rodas committed an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(G), we also conclude that we lack jurisdiction to review the BIA's decision. 8 U.S.C. § 1252(a)(2)(C).

When reviewing whether an alien is removable because he has committed an aggravated felony, we have jurisdiction only to determine our jurisdiction, "that is, to make sure as a matter of law that the alien's conviction qualifies as an aggravated felony." *Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1064 (9th Cir.2003); *see also Flores–Miramontes v. INS,* 212 F.3d 1133, 1135 (9th Cir.2000). In 1997, Rodas was convicted of grand theft and sentenced to three years of imprisonment under California Penal Code §§ 484(a), 487(a). Because California Penal Code § 484 is broader than the statutory definition of a theft offense that qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G), we must apply the modified categorical approach to determine whether Rodas committed an aggravated felony. *See U.S. v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002). Under the modified categorical approach, we undertake a limited review of the record to determine whether it unequivocally demonstrates that all the elements of an aggravated felony were established. *Id.*

Rodas pled nolo contendere to Count 1 of his felony complaint, which charged him with unlawfully taking personal property exceeding $400 in value. A plea of nolo contendere admits every essential element of the offense that is well pleaded in the charge. *See United States v. Williams,* 47 F.3d 993, 995 (9th Cir.1995). By pleading nolo contendere to Count 1, Rodas was

convicted of all the necessary elements of a theft offense, and received a term of imprisonment of more than one year. *See* 8 U.S.C. § 1101(a)(48)(A) (defining "conviction" to include an alien's entering a plea of nolo contendere). Accordingly, he has committed an aggravated felony under the terms of 8 U.S.C. § 1101(a)(43)(G).

The Foreign Affairs Reform and Restructuring Act (FARRA), which implements the Convention Against Torture, does not provide this Court with jurisdiction beyond what is established by 8 U.S.C. § 1252. *See* FARRA § 2242(b), Pub.L. No. 105–277, Div. G, 112 Stat. 2681–761 (Oct. 21, 1998); *see also Cornejo–Barreto v. Seifert,* 218 F.3d 1004, 1015 (9th Cir.2000). Therefore, we do not have jurisdiction to directly review Rodas's claim for relief. 8 U.S.C. § 1252(a)(2)(C).

DISMISSED.

of this circuit except as provided by Ninth Circuit Rule 36–3.