**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Wilhelm Anton STALKNEGT,**
**Defendant—Appellant.**

No. 04–50088.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.[*]

Decided Sept. 16, 2005.

Elizabeth R. Yang, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Ronald O. Kaye, Kaye McLane & Bednarski, LLP, Pasadena, CA, for Defendant–Appellant.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM **

Wilhelm Anton Stalknegt appeals his 132–month sentence imposed following a guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand for resentencing.

Stalknegt contends that the district court erred in imposing an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Specifically, Stalknegt contends that his 1982 conviction for burglary does not qualify as a prior violent felony conviction under the ACCA. We conclude that the 1982 conviction satisfies all the elements of generic burglary as set forth by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 601, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and that the district court properly determined that this conviction constitutes a "violent felony" for purposes of the ACCA. *See Shepard v. United States,* — U.S. —, — – —, —, 125 S.Ct. 1254, 1259–60, 1262, 161 L.Ed.2d 205 (2005); *United States v. Williams,* 47 F.3d 993, 995 (9th Cir.1995).

However, Stalknegt was sentenced below the fifteen-year mandatory minimum required by the ACCA, and pursuant to the then-mandatory Sentencing Guidelines. We cannot determine from the record whether the district court would have imposed a materially different sentence if it had known that the Guidelines were advisory rather than mandatory. Accordingly, we remand this case to the district court for the limited purpose of permitting it to consider Stalknegt's sentence in accordance with *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906 (9th Cir.2005).

REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

