UNITED STATES of America,
Plaintiff—Appellee,

v.

Roberto FIGUEROA–ARROYO,
Defendant—Appellant.

No. 04–10551.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Before: GOODWIN, W. FLETCHER,
and FISHER, Circuit Judges.

MEMORANDUM**

Roberto Figueroa–Arroyo appeals the sentence imposed following his guilty plea conviction to one count of unlawful reentry of a previously deported alien in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ Figueroa–Arroyo contends that district court erred in applying a 16 point offense level increase under U.S.S.G.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2L1.2(B)(1)(a)(ii) based on a prior state burglary conviction because the government failed to conclusively establish that the conviction qualified as a prior violent felony. Because Figueroa–Arroyo did not object to this enhancement in district court, our review is limited to plain error. *See United States v. Campbell*, 42 F.3d 1199, 1204 (9th Cir.1994).

We conclude that the district court did not plainly err in determining that this conviction constitutes a violent felony. The 1990 Information—to which Figueroa–Arroyo pleaded guilty—alleged that he "did *willfully* and *unlawfully* enter an inhabited dwelling house and trailer coach and inhabited portion of a building occupied by Chad Coleman, with the intent to commit larceny and any felony." This court has previously found "that such language charges a violent felony." *United States v. Williams*, 47 F.3d 993, 995 (9th Cir.1995) (citing *United States v. O'Neal*, 937 F.2d 1369, 1373 (9th Cir.1990)). Accordingly, the Information and Figueroa–Arroyo's guilty plea are sufficient to establish that his 1990 conviction qualifies as a violent felony. *See id.* (concluding that conviction pursuant to Cal.Penal Code § 459 qualified as violent felony where defendant pleaded no contest to charges that he "did willfully and unlawfully enter the residence and building ... with the intent to commit larceny"); *see also United States v. Dunn*, 946 F.2d 615, 620 (9th Cir.1991) (concluding that burglary constitutes violent crime for enhancement purposes "regardless of its exact definition or label" if charging papers set forth "basic elements of unlawful or unprivileged entry into ... a building or structure with intent to commit a crime").

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

---

 Nevertheless, because Figueroa–Arroyo was sentenced under the then-mandatory Sentencing Guidelines, and because we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906 (9th Cir. 2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional error).

REMANDED.