MEMORANDUM **
Stephen Linford Carey (“Carey”), a native and citizen of Belize, petitions for review of the Board of Immigration Appeals’ (“BIA”) dismissal of the Immigration Judge’s (“LJ”) denial of his application for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.
“We review the BIA’s determination of purely legal questions, such as whether a conviction is a controlled substance offense that makes an alien removable under § 1227 and whether a conviction is an aggravated felony, de novo." Rendon v. Mukasey, 520 F.3d 967, 971 (9th Cir.2008). When, as here, the BIA adopts a portion of the IJ’s decision, we review that portion of the IJ’s decision as if it were the BIA’s. See MoUna-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir.2002).
The BIA did not err in finding Carey removable because a conviction for violating any state law “relating to a controlled substance,” as defined in 21 U.S.C. § 802(6), renders an alien removable. 8 U.S.C. § 1227(a)(2)(B)®. Carey’s plea of nolo contendere is a conviction for immigration purposes. See 8 U.S.C. § 1101(a)(48)(A). His California Health & Safety Code section 11360(a) conviction is a violation of a state law relating to a controlled substance, see Luu-Le v. INS, 224 F.3d 911, 914-16 (9th Cir.2000), because California Health & Safety Code section 11360(a) punishes activity only if it involves marijuana, a federal controlled substance, see 21 U.S.C. § 812(c), Schedule I(c)(10) (listing “[mjarihuana”). Carey’s offense is not “a single offense involving possession for one’s own use of 30 grams or less of marijuana,” because he pleaded nolo contendere to selling marijuana, which was charged conjunctively with other conduct. See United States v. Snellen-berger, 548 F.3d 699, 701 (9th Cir.2008) (en banc) (per curiam); United States v. Williams, 47 F.3d 993, 995 (9th Cir.1995). Thus, Carey’s state conviction was for con *703 duct beyond simple possession of marijuana. See 8 U.S.C. § 1227(a)(2)(B)(i); c/ 21 U.S.C. §§ 841(b)(4) & 844.
Likewise, the BIA did not err in concluding that Carey failed to establish his eligibility for a discretionary grant of adjustment of status pursuant to 8 U.S.C. § 1255(i). Carey cannot demonstrate that he “is admissible to the United States for permanent residence,” see 8 U.S.C. § 1255(i)(2)(A), because his conviction is a violation of a state law relating to a controlled substance. See 8 U.S.C. § 1182(a)(2)(A)(i)(II). Carey is ineligible for an INA section 212(h) waiver to this inadmissibility ground. The Attorney General may waive the application of § 1182(a)(2)(A)(i)(II) only “insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana,” and Carey’s offense did not involve simple possession. See 8 U.S.C. § 1182(h).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.