ORDER
The Memorandum Disposition previously filed on December 15, 2008, and appear *480 ing in 303 Fed.Appx. 478, is withdrawn, and the Memorandum disposition filed with this Order is filed in its stead. The following amendment was made:
1. Following the paragraph ending on Page 6, line 1, insert the following additional paragraph:
Jimenez-Alvarado, however, argues that a 16-level enhancement is not supported under the modified categorical approach because his charging documents included rape committed by means of “fear of immediate and unlawful bodily injury,” which does not meet this circuit’s definition of a “forcible sex offense.” However, the Information to which Jimenez-Alvarado pled guilty charged “sexual intercourse ... by means of force, violence and fear of immediate and unlawful bodily injury.” We read “and” to mean what it says — that is, that Jimenez-Alvarado pled guilty to rape by means of force and violence and fear. See Snellenberger, 548 F.3d at 701 (“Because the three noun phrases are connected by ‘and’ rather than ‘or,’ the charging document and minute order, if consulted, establish that Snellenberger committed burglary of a dwelling.”); United States v. Williams, 47 F.3d 993, 995 (9th Cir.1995) (“When a defendant pleads guilty (or as here, pleads nolo contendere) to facts stated in the conjunctive, each factual allegation is taken as true.”).[1] Jimenez-Alvarado has made no argument — and we cannot imagine a successful one — that sexual intercourse by means of force and violence is not a “forcible sex offense.”
1 Malta-Espinoza v. Gonzales, 478 F.3d 1080, 1083 n. 3 (9th Cir.2007), a two-to-one holding upon which Jimenez-Alvarado relies, is inconsistent with United. States v. Williams, which preceded it and our en banc opinion in Snellen-berger, which post-dated it. We choose to follow Snellenberger and Williams.
With the above amendment, the pending petition for rehearing is DISMISSED as moot. The parties may file new petitions as to the amended memorandum disposition for rehearing and rehearing en banc in accordance with the Federal Rules of Appellate Procedure.
MEMORANDUM ***
Crispin Jimenez-Alvarado appeals from a judgment of conviction entered in the United States District Court for the Southern District of California, convicting him, upon a jury verdict, of one count of being a previously deported alien found in the United States, in violation of 8 U.S.C. § 1326. We affirm.
(1)
The defendant argues that the eighteen-month term of the grand jury which indicted him was improperly extended by the district court. Because this argument was one that the defendant was required to raise before trial, Fed. R.Crim.P. 12(b)(3)(B), and because he has failed to make the requisite showing of cause and prejudice to overcome his procedural defaults, the argument is deemed waived. Fed.R.Crim.P. 12(e); Davis v. United States, 411 U.S. 233, 243-44, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). Contrary to the defendant’s argument, the defect he alleges does not come within the exception to Fed.R.Crim.P. 12(b)(3)(B) for claims based on the failure of the indictment “to invoke the court’s jurisdiction.” “Although Rule 12 does not say so, it seems clear that the ‘court’s jurisdiction’ ... means subject matter jurisdiction.” 1A Charles Alan Wright & Andrew D. *481 Leipold, Federal Practice and Procedure § 193 (4th ed. 2008) (collecting cases). The defect alleged here is not of a kind that deprived the district court of subject matter jurisdiction. See United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (“[Sjubjeet-matter jurisdiction, because it involves a court’s power to hear a case, can never be forfeited or waived.... In contrast, the grand jury right can be waived.”). Indeed, the Advisory Committee notes to Fed. R.Crim.P. 12 expressly indicate that objections based on the “[ijllegal selection or organization of the grand jury” are deemed waived unless made prior to trial. Fed.R.Crim.P. 12 advisory committee’s note; see also Davis, 411 U.S. at 237, 93 S.Ct. 1577. The only case on which defendant relies, United States v. Macklin, 523 F.2d 193 (2d Cir.1975), has been overruled for the proposition for which he cites it. See United States v. Cordoba-Murgas, 422 F.3d 65, 71 n. 6 (2d Cir.2005).
(2)
The defendant argues, also for the first time on appeal, that the district court erred in finding that he had been convicted previously of a “crime of violence,” namely, “forcible rape,” warranting a sixteen-level enhancement of his Guidelines’ offense level under U.S.S.G. § 2L1.2(b)(l)(A). Specifically, he argues that his prior conviction of rape in violation of California Penal Code § 261(a)(2) is not categorically a “crime of violence” within the meaning of the Sentencing Guidelines because § 261(a)(2) encompasses within its definition of rape “conduct accomplished through deception or by threat of nonphysical retribution.”
Section 261(a)(2) defines as “rape” any “act of sexual intercourse accomplished ... against a person’s will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another.” The critical word on which the defendant’s argument hinges is “duress.” This term, he argues, has been construed to permit a conviction for rape even when it is not accomplished through the use of physical force.
We pass over this argument because, even if a “statute of conviction is overly inclusive, we may ‘look a little further’ and ‘consider whether other documentation and judicially noticeable facts demonstrate that the offense was, indeed, within the Guidelines’ definition.’ ” United States v. Lopez-Montanez, 421 F.3d 926, 931 (9th Cir.2005) (internal citation omitted). Among the judicially noticeable facts that we may consider under this “modified categorical approach” are “ ‘the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which [Jimenez-Alvarado] assented.’ ” United States v. Vidal, 504 F.3d 1072, 1086 (9th Cir.2007) (en banc) (quoting Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)); see also United States v. Snellenberger, 548 F.3d 699, 702-04 (9th Cir.2008) (allowing consideration of clerk minute orders in applying the modified categorical approach).
In this case, we look to the information to which the defendant pled guilty. The information did not charge that the defendant committed the rape by the use of “duress” — the element that he alleges would permit a conviction for rape without the use of force or violence in fear of immediate bodily injury. Instead, the information narrowed the charge to include only conduct that constituted “a crime of violence.” Specifically, the information charged that the defendant “accomplish[ed] an act of sexual intercourse with Aurora Valdez ... by means of force, violence, and fear of immediate bodily injury on said person and another, in violation of *482 Penal Code 261(a)(2).” This is sufficient to establish that the offense was within the Guidelines’ definition of “a crime of violence.” See United States v. Harkey, 923 F.2d 138, 138 & n. 1 (9th Cir.1991) (notwithstanding the broad definition of burglary in a Washington statute, the infor-mations narrowed the charge in a manner sufficient to support an enhancement for burglary under 18 U.S.C. § 924(e)).
Jimenez-Alvarado, however, argues that a 16-level enhancement is not supported under the modified categorical approach because his charging documents included rape committed by means of “fear of immediate and unlawful bodily injury,” which does not meet this circuit’s definition of a “forcible sex offense.” However, the Information to which Jimenez-Alvarado pled guilty charged “sexual intercourse ... by means of force, violence and fear of immediate and unlawful bodily injury.” We read “and” to mean what it says^ — -that is, that Jimenez-Alvarado pled guilty to rape by means of force and violence and fear. See Snellenberger, 548 F.3d at 701 (“Because the three noun phrases are connected by ‘and’ rather than ‘or,’ the charging document and minute order, if consulted, establish that Snellenberger committed burglary of a dwelling.”); United States v. Williams, 47 F.3d 993, 995 (9th Cir.1995) (“When a defendant pleads guilty (or as here, pleads nolo contendere) to facts stated in the conjunctive, each factual allegation is taken as true.”).[1] Jimenez-Alvarado has made no argument — and we cannot imagine a successful one — that sexual intercourse by means of force and violence is not a “forcible sex offense.”
(3)
Jimenez-Alvarado further argues that the district court “never considered factors in mitigation under 18 U.S.C. § 3553(a)(2).” This claim is contrary to the judge’s express statement that he had read the defendant’s sentencing memorandum. Moreover, if the defense counsel actually thought otherwise, he had the opportunity to argue mitigating factors, of which there were not many, during the sentencing proceeding.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Malta-Espinoza v. Gonzales, 478 F.3d 1080, 1083 n. 3 (9th Cir.2007), a two-to-one holding upon which Jimenez-Alvarado relies, is inconsistent with United States v. Williams, which preceded it and our en banc opinion in Snellenberger, which post-dated it. We choose to follow Snellenberger and Williams.